Filed 1/15/26  P. v. Lopez CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B341617 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA098829-01) |
| v. | |
| CUAUHTEMOC MENDEZ LOPEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles G. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Cuauhtemoc Mendez Lopez appeals from the judgment after the superior court resentenced him under Penal Code section 1172.75.[1] He argues that, though the superior court struck a one-year enhancement for having served a prior prison term, the court should have resentenced him to the middle or lower term, rather than the upper term, on one of his convictions and should have dismissed one of two firearm enhancements. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  *Mendez Lopez Pleads No Contest to Various Crimes and Admits Several Allegations*

In 2015 Mendez Lopez pleaded no contest to robbery (§ 211), preventing or dissuading a crime victim or witness from making a report to law enforcement (§ 136.1, subd. (c)(1)), attempted extortion (§ 524), and false imprisonment (§ 236). Mendez Lopez also admitted that he personally used a firearm in committing or attempting to commit a felony, within the meaning of section 12022.53, subdivision (b); that he personally used a firearm in committing or attempting to commit a felony, within the meaning of section 12022.5, subdivision (a); and that he had

---

[1]  Statutory references are to the Penal Code.

served a prior prison term, within the meaning of section 667.5, former subdivision (b).[2]

The trial court sentenced Mendez Lopez to an aggregate prison term of 19 years eight months. On his conviction for robbery, the court sentenced Mendez Lopez to the upper term of five years, plus 10 years for the firearm enhancement under section 12022.53, subdivision (b). On Mendez Lopez's conviction for preventing or dissuading a crime victim or witness, the court imposed a term of one year (one-third the middle term of three years). On Mendez Lopez's conviction for attempted extortion, the court imposed a term of eight months (one-third the middle term of two years), plus one year four months (one-third the middle term of four years) for the firearm enhancement under 12022.5, subdivision (a). And on Mendez Lopez's conviction for false imprisonment, the court imposed a term of eight months (one-third the middle term of two years).

---

[2]     Mendez Lopez was driving a car with three companions and approached the victim, who had previously taken a skateboard from someone whom Mendez Lopez described as one of his "homies." One of Mendez Lopez's companions got out of the car, fired a gun into the air, held it to the victim's face, and pushed him into the car. Once the victim was in the car, Mendez Lopez and his companions took money and other items from the victim at gunpoint, threatened to kill him and his family if he went to the police, and dropped him off on a street corner.

3

The court also imposed a term of one year for the prior prison term enhancement under section 667.5, former subdivision (b).

B.     *The Superior Court Resentences Mendez Lopez Under Section 1172.75*

In 2021 the Legislature declared legally invalid prior prison term enhancements imposed under section 667.5, former subdivision (b), before January 1, 2020, except those arising from convictions for sexually violent offenses.  The Legislature enacted section 1172.75, which provided a procedure for resentencing inmates, like Mendez Lopez, who are serving terms that include the now-invalid enhancement.  (§ 1172.75, subd. (a).)

In May 2023 the superior court held a hearing on resentencing Mendez Lopez under section 1172.75.  Mendez Lopez filed a resentencing brief asking the court to strike the one-year prior prison term enhancement under section 667.5, former subdivision (b), and to conduct a full resentencing hearing.  In particular, Mendez Lopez asked the court, in addition to striking the prior prison term enhancement, to dismiss the firearm enhancements and to impose the lower term on his robbery conviction.  Mendez Lopez also submitted various documents evidencing his rehabilitation while incarcerated.  The People filed an opposition.

The superior court struck the one-year prior prison term enhancement, but otherwise reimposed the rest of Mendez Lopez's prior sentence.  The court recognized that Mendez Lopez was entitled to a full resentencing and that the court had discretion to strike the firearm enhancement and otherwise resentence him pursuant to "the other arguments that have been made."  The court, however, stated it was not "in the interest of

4

justice to strike anything further" and sentenced Mendez Lopez to a prison term of 18 years eight months. Mendez Lopez timely appealed.

## DISCUSSION

A.   *The Superior Court Did Not Err in Imposing the Upper Term on Mendez Lopez's Robbery Conviction*

Mendez Lopez argues the superior court erred in reimposing the upper term of five years on his robbery conviction without "a jury trial on the aggravating circumstances used to impose his upper term sentence" on that conviction. He relies on recent amendments to section 1170, subdivision (b), which provide the court "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." As the trial court recognized, however, section 1172.75, subdivision (d)(4), creates an exception to the heightened factfinding requirements where the defendant was previously sentenced to the upper term, as Mendez Lopez was. (See *People v. Dozier* 116 Cal.App.5th 700, 713 ["the plain language of section 1172.75, subdivision (b)(4), creates an exception to the heightened factfinding requirements where the upper term was originally imposed"]; *People v. Mathis* (2025) 111 Cal.App.5th 359, 372 ["the heightened factfinding requirement" in section 1172.75, subdivision (d)(2), "does not apply where the defendant originally received an upper term

5

sentence"], review granted Aug. 13, 2025, S291628; *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 458, 466-467 [section 1172.75, subdivision (d)(4), unambiguously "carves out an exception to the general rule that all ameliorative changes to the law must be applied at a section 1172.75 resentencing," so that "the new burden of proof amendments . . . apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing"].)[3]

Mendez Lopez relies on *People v. Gonzalez* (2024) 107 Cal.App.5th 312, which disagreed with *Brannon-Thompson*. (See *Gonzalez*, at p. 330.) As we explained in *People v. Dozier*, *supra*, 116 Cal.App.5th at page 713, until the Supreme Court decides the issue,[4] we agree with *Brannon-Thompson* and *Mathis*, not *Gonzalez*. (See *Dozier*, at pp. 713-714, 716.)

Mendez Lopez also argues the superior court did not consider his age or the "numerous certificates of achievement and extensive participation in programs and education while incarcerated as mitigating factors for a middle or lower term" on his robbery conviction. The record does not support Mendez

---

[3] The court stated: "I would note that 1172.75 specifically says that, if the original court imposed the [upper] term, that this court can continue to do so without any further explanation, and I think that, given the situation here, that was appropriate."

[4] The Supreme Court granted review in *People v. Eaton*, 2025 WL 814818 (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903, to decide whether section 1172.75, subdivision (d)(4), allows the superior court to reimpose the upper term where the defendant did not stipulate to, and a factfinder did not find true beyond a reasonable doubt, the facts underlying one or more aggravating circumstances.

6

Lopez's argument. The court stated it had read Mendez Lopez's brief, which attached the certificates of achievement and other documents. The court also took a break in the proceedings to read a supplemental filing by Mendez Lopez that included additional certificates. Counsel for Mendez Lopez argued Mendez Lopez was 22 years old when he committed the crimes and asked the court "to take into consideration the youthful age at the time of the offense, the multiple enhancements that were imposed, and reduce the sentence accordingly." We presume the court considered these facts and documents. (See *People v. Jones* (2022) 86 Cal.App.5th 1076, 1092 ["that a court did not specifically mention certain evidence does not mean that the court 'ignored' that evidence"]; see also *People v. Knowles* (2024) 105 Cal.App.5th 757, 768 [presuming the trial court considered evidence of the defendant's childhood trauma, even though the court did not specifically mention that evidence].)

The court also considered Mendez Lopez's conduct in prison, emphasizing his misconduct and violations of prison rules. The court stated: "Certainly in looking at post-conviction factors, looking at what Mr. Mendez Lopez has not only done while he's in custody, which hasn't been a whole lot in regard to rehabilitation, and I note that [the prosecutor] talked about the 2021 coordinating a battery on a prisoner. [I'm] not sure that he mentioned the fact that in 2020, there was also a rules violation for rioting, so there continues to be violations here."[5]

---

[5] The prosecutor argued that, while Mendez Lopez was "in custody on this matter, in 2021, [he] committed a coordinated battery on a prisoner while in sheriff's custody that resulted in the victim of that attack sustaining a broken orbital bone,

7

B.      *Section 1385, Subdivision (c), Did Not Require the Superior Court To Dismiss All but One of the Firearm Enhancements*

When the superior court resentenced Mendez Lopez, the court imposed two firearm enhancements, a 10-year enhancement under section 12022.53, subdivision (b), and a 16-month enhancement under section 12022.5, subdivision (a). Mendez Lopez argues that under section 1385, subdivision (c), the court should have imposed only one of the firearm enhancements.

Section 1385, subdivision (c)(1), provides "the court shall dismiss an enhancement if it is in the furtherance of justice to do so." Section 1385, subdivision (c)(2), provides that, in exercising its discretion under subdivision (c), the court must consider and "afford great weight to evidence offered by the defendant to prove" any of nine listed mitigating factors (see § 1385, subd. (c)(2)(A)-(I)), "unless the court finds that dismissal of the enhancement would endanger public safety." Those mitigating factors include that "[m]ultiple enhancements are alleged in a single case." (§ 1385, subd. (c)(2)(B).) In that circumstance, "all enhancements beyond a single enhancement shall be dismissed." (§ 1385, subd. (c)(2)(B).) Mendez Lopez argues the "mandatory language of section 1385, subdivision (c)(2)(B) requires all but one enhancement to be dismissed."

As Mendez Lopez acknowledges, however, "every appellate court to consider" this argument "has rejected it." We are one of those courts. In *People v. Anderson* (2023) 88 Cal.App.5th 233 we

---

multiple fractures to his spine, and multiple fractures to his pelvis." In addition, Mendez Lopez participated in a riot in 2020 and "had multiple write-ups for disobeying orders."

held the language in section 1385, subdivision (c)(2)(B), that all but one enhancement "'shall'" be dismissed "appears as a subpart to the general provision that a 'court shall dismiss an enhancement *if* it is in the furtherance of justice to do so.' [Citation.] In other words, the dismissal of the enhancement is conditioned on the court's finding dismissal is in the interest of justice. The nature of this condition is further explained by the Legislature's directive that the court, while 'exercising its discretion under this subdivision, . . . shall consider and afford great weight' to evidence of certain factors, and proof of one of the factors 'weighs greatly' in favor of dismissal 'unless' the court finds dismissal would endanger public safety. [Citation.] This language, taken together, explicitly and unambiguously establishes: the trial court has discretion to dismiss sentencing enhancements; certain circumstances weigh greatly in favor of dismissal; and a finding of danger to public safety can overcome the circumstances in favor of dismissal." (*Anderson*, at p. 239.) Thus, under section 1385, subdivision (c), the court "'shall'" dismiss all but one enhancement "only *if,* in exercising its discretion and giving great weight to certain factors, the court finds dismissal is in the interests of justice or would not endanger public safety." (*Anderson*, at pp. 239, 240; see *People v. Mazur* (2023) 97 Cal.App.5th 438, 445; *People v. Cota* (2023) 97 Cal.App.5th 318, 337; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1289-1290; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 297; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 18.) We see no reason to part with this unbroken line of authority.

## DISPOSITION

The judgment is affirmed.

SEGAL, J.

We concur:

MARTINEZ, P. J.

FEUER, J.